UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHELLE GRACE VALENTINE,          :

           Plaintiff,          :          MEMORANDUM AND ORDER

     -against-                                                18-CV-795 (JMF)(KNF)
                                       :
NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,   :

           Defendant.         :
------------------------------------------------------------x
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Michelle Grace Valentine ("Valentine") commenced this action against the Acting Commissioner of Social Security ("Commissioner"), seeking review of an administrative law judge's ("ALJ") decision, dated March 1, 2017, finding her ineligible for disability insurance benefits, pursuant to Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401-434 and Supplemental Security Income ("SSI") benefits pursuant to Title XVI of the SSA, 42 U.S.C § 405g. The ALJ's decision became final on December 7, 2017, when the Appeals Council denied Valentine's request for review. Thereafter, the plaintiff filed a motion for judgment on the pleadings seeking reversal of the Commissioner's decision and the undersigned issued a report recommending that the plaintiff's motion be granted but only to the extent of remanding her claim for a new hearing and decision. Following objections by the plaintiff, the court granted the plaintiff's request and directed that her claim be remanded for calculation of benefits.

      <u>Plaintiff's Position</u>

      The plaintiff now applies to the Court for an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA," 28 U.S.C. § 2412(d)). According to the plaintiff, under the EAJA, fees ought to be awarded if: (a) she was a prevailing party in the litigation;

1

(b) the Commissioner's position was not substantially justified; and (c) no special circumstances exist which would make an award of fees unjust. Through the affirmation of her attorney, James M. Baker, and a memorandum of law in support of her motion for attorney's fees under the EAJA, the plaintiff contends that she has satisfied all three requirements. Here, the plaintiff maintains that the first requirement is met, insofar as the "outcome of the litigation was fully favorable to the plaintiff." Regarding the statute's second requirement, the plaintiff contends that, since the position of the Commissioner was not substantially justified, that is, "justified to a degree that would satisfy a reasonable person," the burden of proof on the issue of substantial justification is on the defendant. Thus, the Second Circuit has stated that, in a circumstance such as this, the Commissioner must make "a strong showing" in order to carry this burden. Cohen v. Bowen, 837 F.2d 582, 585 (2d Cir. 1988).

The plaintiff contends it is clear that both the underlying agency position and the Commissioner's litigation position lacked substantial justification. This is demonstrated by the court's finding that the Commissioner violated the treating physician rule by failing to give controlling weight to the opinions of the plaintiff's treating physicians, which the court found were not contradicted by substantial evidence. The court also found that the ALJ failed to offer any meaningful explanation for giving more weight to the opinion of the non-examining medical adviser than to the plaintiff's own physicians. As for the third condition set forth in the EAJA, the plaintiff asserts that she is not aware of any special circumstance that would make an award of fees unjust in this case.

Fees Are Reasonably Incurred

The plaintiff notes that she is entitled under the EAJA to all fees and expenses reasonably incurred in connection with the vindication of her rights. See Trichilo v. Sec. of Health &

2

Human Servs., 823 F.2d 702, 704-708 (2d Cir. 1987). By that measure, according to the plaintiff, she is entitled to an award of $14,985.50 for 73.1 hours of work performed by her attorney on the merits of her case between January 29, 2018, and September 25, 2019, and, further, $758.50 for 3.7 hours of work devoted to this fee application. The plaintiff's counsel has provided a description of the activities he performed and the hours spent by him on each task. According to plaintiff's counsel, the 73.1 hours spent on the merits of plaintiff's claim are calculated as follows:

> 5.1 hours for an initial meeting with the plaintiff, preliminary review of her case and preparation of the complaint;
>
> 37.8 hours to review the administrative record and research and write the plaintiff's brief in support of her motion for judgment on the pleadings;
>
> 15.4 hours to review the Commissioner's brief and to research and write the plaintiff's reply; and
>
> 14.8 hours to review Judge Fox's decision and draft the plaintiff's objections and reply to the Commissioner.

The plaintiff's counsel avers that the work he did on the case was efficient and the time expended was reasonable. Since he had not represented Valentine in the administrative proceedings, he required more time to familiarize himself with the factual record and to devise a legal theory of the case than if he had handled the matter before the ALJ and the Appeals Council. He avows further that the legal issues, if not novel, were numerous and complex.

The plaintiff's fee request is based on counsel's hourly rate of $205 for work performed in 2018 and 2019 and within the maximum allowed under 29 U.S.C. § 2412(d), which caps attorney fees at $125 per hour plus a cost of living adjustment computed from March 1996.

The plaintiff asserts that, for the reasons outlined above, granting the application for attorney's fees and costs under the EAJA in the amount of $14,985.50 for work on the merits of the claim, plus $758.50 for work on this fee application, for a total of $15,744, is appropriate; moreover, the fee awards are comparable to those made to attorneys in other district court cases. See, e.g., Molina v. Berryhill, No. 15-CV-8088, 2017 WL 3437572, at *1-2 (S.D.N.Y. Aug. 11, 2017) (awarding $15,577.60: $12,691.60 on the merits and $2,886 on the fee application); Cabrera v. Astrue, No. 06 Civ. 9918, 2008 WL 4410094, at *3-4 (S.D.N.Y. Sept. 29, 2008) (awarding $12,614.18: $9,880.62 on the merits and $2,733.56 on the fee application).

Defendant's Opposition

The defendant asserts that the plaintiff's fee request is excessive and should be reduced. The defendant contends that the total number of hours claimed by the plaintiff includes 46.9 hours spent drafting the plaintiff's motion for judgment on the pleadings and a reply brief, in addition to 6.8 hours spent reviewing the plaintiff's papers. The defendant maintains that the number of hours expended is more than many courts in this district have found reasonable for an entire case. Furthermore, the defendant asserts, the case did not involve complex or novel legal issues; rather, the issues presented in this case are among the most frequently litigated of all issues that arise in Social Security disability cases. The number of hours reasonably expended, and the size of the administrative record, are also factors that must be considered; here, the number of hours needed to perform the work and the size of the administrative record were not unusually great. In addition, the defendant asserts that, while the plaintiff's counsel did not represent the plaintiff at the administrative level, his lack of familiarity with the case is offset by his considerable experience in handling similar cases. Consequently, no reason exists to depart in this case from the 20-40 benchmark range of hours that courts in this circuit have found are

4

reasonably needed to be expended on a case such as this. Therefore, the defendant urges the Court to reduce substantially the amount of fees requested and award no more than $8,200.

Plaintiff's Reply

In reply, the plaintiff argues that the 20-40 hour benchmark proposed by defendant is of limited usefulness in cases involving awards in disability cases; moreover, if the plaintiff needs to justify the expenditure of more than 40 hours, she has done so in terms of the variables the Commissioner has identified as relevant. Also, the 20-40 hour benchmark is undermined by cases in other jurisdictions that seem to accept a different "average" range. Moreover, an examination of the cases involving the 20-40 hour benchmark reveals that in many if not most of the cases, the courts were troubled by attorney claims of hours spent that were clearly excessive and probably exaggerated.

The plaintiff contends that the Court should not impose a special burden on her to justify more than 40 hours of work expended on this case, where the Commissioner makes no specific objections. Moreover, arbitrarily limiting attorney compensation to 40 hours per case may have the consequence of limiting the availability of lawyers for disability claimants or reducing the quality of their work.

The Court finds that the defendant's assertions about the inadequacy of the plaintiff's fee application are not supported by the record. The plaintiff has submitted her counsel's affirmation in support of her motion for attorney's fees under the EAJA; the affirmation establishes that she satisfies the requisite elements: she was the prevailing party in the case, the Commissioner's position was not substantially justified and no circumstances exist which would make an award of fees unjust.

Moreover, the number of hours expended by plaintiff's counsel were not unreasonable or excessive under the circumstances. Since counsel had not represented Valentine in the administrative proceedings, he required more time to familiarize himself with the factual record and to devise a legal theory of the case than if he had handled the matter at the administrative proceedings. Additionally, the legal issues involved were, if not novel, numerous and complex and the time expended was reasonable.

Since the plaintiff is entitled under the EAJA to all the fees and expenses reasonably incurred in connection with vindicating her rights, based on the motion record, the Court finds that the award she seeks is not excessive but reasonable under the circumstances.

## **CONCLUSION**

For the reasons stated above, the plaintiff's application for attorney's fees and costs under the EAJA, Docket Entry No. 31, is granted as follows: $14,985.50 for her attorney's work on the merits and $758.50 for the work associated with the fee application. The total fee award is $15,744.00.

Dated: New York, New York    SO ORDERED:
       August 14, 2020

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE